**FILED** *FC*

APR 2 0 2005 *NF*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Case File No.

Michael Griffin, Diane Gordon and
Clarence Kelly each
individually and on behalf of all
similarly situated individuals,

Plaintiffs,

v.

FedEx Corporation, FedEx Ground
System, Inc. and FedEx Home Delivery, Inc.,
and their respective health and benefits plans,
Does 1-20,

Defendants.

# 05C 2326

## JUDGE HIBBLER

CLASS ACTION COMPLAINT MAGISTRATE JUDGE NOLAN
JURY TRIAL DEMANDED

Plaintiffs, on behalf of themselves and a class of persons similarly situated, for

their Complaint against the Defendants, state and allege as follows:

## PARTIES

1.      Plaintiffs are Michael Griffin, Diane Gordon and Clarence Kelly all

residents of Cook County, State of Illinois.   Plaintiffs all previously worked for

Defendant corporations and were classified as independent contractors.

2.      Defendant FedEx Corporation ("FEC") is a Delaware corporation with its

principal place of business in Memphis, Tennessee.  At all relevant times, and within six

years of the filing of this Complaint, FEC engaged in providing small package

information, transportation and delivery services within the United States, including in

the State of Illinois.

1

3. Defendant FedEx Ground System, Inc. ("FEG") is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. FEG is a part of the "family" of corporations controlled by FEC. At all relevant times, and within six years of the filing of this Complaint, FEG was engaged in providing small package information, transportation and delivery services in the United States, including in the State of Illinois.

4. Defendant FedEx Home Delivery, Inc. ("FHD"), is a division of FEG and, like FEG, at all relevant times, including within six years of the filing of this Complaint, engaged in providing small package information, transportation and delivery services in the United States, including in the State of Illinois. FHD is also a part of the "family" of corporations controlled by FEC.

5. Defendants FEC, FEG and FHD (collectively referred to hereafter as the "FedEx Defendants") are qualified to, and do, transact business in the State of Illinois, including locations in Cook County.

6. The FedEx Defendants employ local package delivery drivers for FEC, FEG and FHD, all of whom, at FEC's direction and control, perform package delivery to local businesses and residences.

7. Defendants Does 1-20 are FedEx health and welfare benefit plans: Health Benefit Plan, Life Insurance Plan, Short-term and Long-term Disability Plans, Accidental Death & Dismemberment and Survivor Income Plan, Employee Stock Purchase Plan, Business Travel Accident Plan, and Retirement and 401 (K) Savings and matching Plans, Pension Plan, Profit Sharing Plan, vacation, holiday pay, time bank, flexible scheduling,

2

education reimbursement, subsidized day care, Employee Assistance Plan and sick pay plans.

8.    The true names and capacities, whether individual, corporate, association or otherwise of defendants named herein as DOEs 1 THROUGH 20, inclusive, are unknown to Plaintiffs and therefore Plaintiffs sue such DOEs by fictitious names. Plaintiffs are informed, believe, and on that basis allege, that these DOE defendants are Illinois residents or corporations or entities doing business in the State of Illinois, and that each is the agent of the other Defendants and that each is responsible for some or all of the acts and omissions alleged herein. Plaintiffs will amend this complaint to show the true names and capacities of these DOE defendants when they have been determined.

## JURISDICTION AND VENUE

9.    This is an action alleging illegal deductions from wages in violation of 820 Ill. Comp. Stat. 1$5/9, unjust enrichment, and promissory estoppel.   This action also requests declaratory and injunctive relief. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1332(a), on the basis of Diversity Jurisdiction.

10.    Venue is proper in this Court as the illegal conduct alleged herein occurred within this district and throughout the State of Illinois.

## CLASS ACTION ALLEGATIONS

11.    This action is brought on behalf of a class of persons currently and formerly employed by the FedEx Defendants as employees within the definition of "employee" in the common and statutory law, but who, similar to the named Plaintiffs, are or were erroneously classified as "contractors" or "independent contractors." Occupations or jobs in which class members worked or work include route delivery

drivers for FedEx Ground Systems, Inc. and FedEx Home Delivery, Inc. The class includes all such persons employed by the FedEx Defendants within the six-year statute of limitations. The Class is specifically defined as follows:

> All individuals who worked for Defendant FedEx Ground System, Inc. and/or its subsidiary FedEx Home Delivery, Inc. in Illinois from April 21, 1999 to April 21, 2005 (the Class Period), as package pick-up and delivery drivers, and who were classified as "independent contractors" and thereby deprived of various protections under Illinois law.

Plaintiffs believe that the class as defined above includes over 1,000 members.

12.     Defendant FedEx Ground Package System, Inc. ("FEG"), FedEx Ground Package System, Inc. d/b/a FedEx Home Delivery ("FHD"), is a Delaware corporation doing business as two national companies, affiliated with the Federal Express Corporation. FEG and FHD employ thousands of drivers to pick up and deliver packages for their customers throughout the United States. As a condition of employment, each FEG and FHD driver is required to sign a lengthy form contract entitled the "Pickup And Delivery Contractor Operating Agreement" that mischaracterizes each driver as an "independent contractor." These operating agreements conceal the true nature of the relationship between FEC and its drivers: that of employer and employee.

13.     FEC, FEG and FHD know that the Los Angeles County Superior Court has determined that FEC, FEG and FHD employees working under the alleged independent contractor agreement are, in fact, employees entitled to all of the rights and privileges of employee status. Despite this, FEC, FEG and FHD continue to deny these rights and privileges to its similarly situated Illinois employees.

14.     Plaintiffs, and Plaintiff Class Members, were subject to the FedEx Defendants' direction and control of the manner and means in which their work was performed.

4

15. Plaintiffs, and Plaintiff Class Members, were denied the accoutrements of employment, including, but not limited to:

     a.    wages;

     b.    overtime pay;

     c.    holiday pay;

     d.    workers' compensation;

     e.    unemployment insurance;

     f.    contributions to the FedEx Defendants' retirement plan;

     g.    participation in FedEx Defendants' Employee Stock Purchase Plan;

     h.    income tax withholding;

     i.    meal, break and rest periods.

16. Plaintiffs, and Plaintiff Class Members, were required to pay Defendants' operating expenses, all of which should have been paid by the FedEx Defendants, including, but not limited to:

     a.    delivery vehicle purchase;

     b.    various insurances, including vehicle insurance and work accident insurance;

     c.    delivery vehicle maintenance and repairs;

     d.    purchase and maintenance of logos and uniforms;

     e.    fuel;

     f.    cargo claims;

     g.    "business support," including maps, signs, logos, training and scanners.

17. Despite the FedEx Defendants' control over virtually all material aspects of the employment relationship, and despite the unequivocal command of applicable

statutes and case law to the effect that workers such as Plaintiffs are entitled to the protections due employees under Illinois law, the FedEx Defendants continue to deny these rights and protections which are guaranteed by Illinois law to all employees. In addition, Plaintiffs have also been deprived of employer-financed workers compensation coverage and unemployment insurance benefits.

18.     The terms and conditions of employment contracts signed by Plaintiffs and Plaintiff Class Members require them to purchase, operate and maintain expensive trucks for the FedEx Defendants' benefit and to work under other unlawful conditions. The FedEx Defendants' mischaracterization of their drivers as independent contractors, and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unfair, and/or unlawful business practice by the FedEx Defendants that this court should enjoin.

19.     The named Plaintiffs are adequate representatives of the class because they were treated in the same manner as other class members by the defendants and they have been damaged by this treatment in the same manner as other class members by their exclusion from employee compensation programs, plans and agreements and employee benefit plans and rights.

20.     There are common questions of law and fact applicable to the entire class including, but not limited to, the question whether Plaintiffs and Plaintiff Class Members are entitled to certain types of employee compensation and benefits because they are employees of the FedEx Defendants as defined by common and statutory law, even though the FedEx Defendants have misrepresented to Plaintiffs and Plaintiff Class Members their true employment status.

21.    This case should be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because the common questions of law and fact concerning Defendants' liability predominate over any individual question over the amount of damages to each person and that:

a.    The members of the class are so numerous that their individual joinder in a single action is impossible and/or impracticable;

b.    The central questions of law and fact involved in this action are of a common or general interest and those common legal and factual issues predominate over any questions affecting only individual members of the class. Among the common questions of law and fact are the following:

i.    Whether class members have been misclassified as independent contractors pursuant to the FedEx Defendants' operating agreements;

ii.    Whether the Defendants have violated their legal obligations under various provisions of Illinois law;

iii.    Whether the FedEx Defendants unlawfully failed to provide workers compensation insurance benefits and unemployment insurance benefits to the class members in violation of Illinois Law;

iv.    Whether the FedEx Defendants intentionally and/or negligently misrepresented to Plaintiffs and the class they seek to represent their true employment status and thereby induced them to incur substantial expenses in reliance on such representations and;

v.    Whether injunctive and declaratory relief and an equitable accounting are proper.

22.    The claims of the named Plaintiffs are identical to the claims of other members of the class. The named Plaintiffs share the same interests as other members of the class in this action because, like other class members, they have each been misclassified and suffered financial loss of thousands of dollars due to the FedEx Defendants' wrongful misclassification. Given the significance of their losses, they have the incentive, and are committed, to vigorously prosecuting this action. They have

retained competent and experienced counsel who specialize in class action and employment litigation to represent them and the proposed class;

23. A class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impracticable for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## FACTS COMMON TO ALL CAUSES OF ACTION

24. FEC, FEG and FHD are national corporations and divisions thereof whose businesses consist of package delivery and pick-up service to customers, using a single integrated nationwide network of transportation, communication and sorting facilities and integrating class members into that existing network of operations. The FedEx Defendants hired Plaintiffs to deliver and pick up packages based on times, locations and for amounts determined solely by the FedEx Defendants.

25. The FedEx Defendants employ or employed during the class period more than 1,000 delivery and pick-up drivers in the State of Illinois including, either currently or at material times in the past, each of the Plaintiffs.

26. The FedEx Defendants retain the right to control the manner and means by which Plaintiffs and Plaintiff Class Members perform their jobs. Drivers work from a FEC, FEG and FHD terminal, where they are assigned packages for delivery and locations for pickups each day. The FedEx Defendants employ a variety of managers at

their terminals who have supervisory responsibility over the drivers, their daily assignments and paperwork. Drivers also interact with other FEC, FEG and FHD personnel on a daily basis.

27.     The FedEx Defendants unilaterally set the compensation to be paid to the drivers. Drivers are paid for the number of stops, deliveries and pick-ups made, as well as daily compensation for making themselves available for pickup and delivery work in geographic areas determined by the FedEx Defendants.

28.     The FedEx Defendants unilaterally set the prices charged to their customers for the services rendered by Plaintiffs and Plaintiff Class Members.

29.     The FedEx Defendants have a wide array of written and unwritten policies and procedures that drivers are required to follow in their work. When drivers do not follow the FedEx Defendants' rules or management directives, they suffer various types of punishment including some financial and some disciplinary.

30.     Plaintiffs and Plaintiff Class Members provide service which is an integral part of the FedEx Defendants' business enterprise and are formally identified as a part of the FedEx system. Plaintiffs and Plaintiff Class Members did not and do not have any business independent from that of the FedEx Defendants.

31.     As a condition of employment, Plaintiffs and Plaintiff Class Members are, or were controlled by the FedEx Defendants in other ways, as follows:

        a.     required to work a minimum number of hours in a shift, often eight hours or longer;

        b.     prohibited from leaving the work premises without management approval;

        c.     required to identify themselves and their vehicles as part of the FedEx Defendants' system, with FedEx logos and signage;

d.  required to purchase, wear and maintain FedEx Defendants' uniforms, logos and signage;

e.  required to purchase and maintain a vehicle selected by the FedEx Defendants, built to the FedEx Defendants' precise specifications, and identified by FedEx logo and signage;

f.  required to insure the vehicles at the FedEx Defendants' direction and control;

g.  required to clock in and out and file daily reports with the FedEx Defendants;

h.  required to purchase from the FedEx Defendants their "business support: package including maps, signs, training, modems and scanners;

i.  prohibited from refusing packages;

j.  prevented from working for other delivery businesses while working for the FedEx Defendants;

k.  prohibited from hiring helpers without the FedEx Defendants' approval;

l.  required to conduct themselves according to FedEx guidelines and were subject to discipline for any failures to comply with those requirements;

m.  prevented from choosing when and how much they wanted to work;

32.  Prior to commencing employment with the FedEx Defendants, each driver must sign a "Pick-Up and Delivery Contractor Operating Agreement" and Addenda thereto (referred to as combined "the Agreement") as a mandatory condition of employment. Plaintiffs are informed, believe and on that basis allege that the Agreement is the same in all material respects between each member of the plaintiff class and FEC, FEG and FHD. The Agreements between Plaintiffs and FEC and between Plaintiffs and FEG and FHD contain essentially the same material terms with only minor, insubstantial differences.

33.     The Agreements contain various statements purporting to classify Plaintiffs and Plaintiff Class Members as "independent contractors" and yet the agreements also contain policies, procedures and management discretion that ensure specific control over the manner and means by which Plaintiffs and Plaintiff Class Members are expected to achieve the FedEx Defendants' desired results. For example, the agreement signed by Plaintiffs and Plaintiff Class Members contains a Background Statement that states, in part:

> Both FedEx Ground and Contractor intend that Contractor will provide these services strictly as an independent contractor, not as an employee of FedEx Ground for any purpose. Therefore, this Agreement will set forth the mutual business objectives of the two parties intended to be served by this Agreement – which are the results the Contractor agrees to seek to achieve – but the manner and means of reaching these results are within the discretion of the Contractor, and no officer or employee of FedEx Ground will have the authority to impose any term or condition on Contractor or on Contractor's continued operation which is contrary to this understanding.

34.     Contrary to the language contained in the statement above, the Agreements also give the FedEx Defendants the right to:

      a.     approve or disapprove any vehicle used to provide service;

      b.     approve or disapprove any driver or helper who provides service;

      c.     approve or disapprove the purchase or sale of any vehicle;

      d.     assign deliveries to each driver;

      e.     temporarily or permanently transfer portions of any route to another with or without compensation;

      f.     determine when a driver has "too few" or "too many" packages to deliver;

      g.     inspect vehicles and drivers for compliance with Company-promulgated appearance standards;

h.     terminate the contract upon thirty days' notice or whenever the company unilaterally determines that any provision of the contract has been "violated," amounting to the right to terminate at will;

i.     require the use of communication equipment and the wearing of Company uniforms;

j.     take a vehicle out of service;

k.     review and evaluate "customer service" and to set standards of such service;

l.     require drivers to perform service at "times" requested by customers and determined by FEG and FHD;

m.     withhold pay for certain specified expenses;

n.     require purchase of specified insurance and numerous other purchases by drivers;

o.     require completion of specified paperwork, amid other rights reserved to FEC , FHD and FEG.

35.    The Agreements also provide, among other things, that:

a.     Subject to company approval of any vehicle used, drivers must provide and maintain their own vehicle, paying for all costs and expenses incidental to its operation, including maintenance, gas, oil, repairs, tax, licenses and tolls. Moreover, drivers must adorn the vehicle with specific colors, logos and marks, identifying it as part of the FEC, FEG and FHD system at their own expense;

b.     Drivers must maintain liability and workers compensation insurance (sometimes referred to as "work accident insurance" for the benefit of the FedEx Defendants);

c.     Drivers must use communications equipment, i.e., a scanner, which uses FEG and/or FHD's customized and/or proprietary tracking software and drivers must pay to rent such equipment from the Company;

d.     Drivers must prepare and submit daily reports and such shipping documents "as FEC, FEG and FHD may from time to time designate;"

e.     Drivers must wear an approved uniform, and keep their personal appearance and demeanor consistent with standards unilaterally "promulgated from time to time" by the FedEx Defendants;

f. FedEx Defendants retain the right to change a driver's work area on a daily basis or permanently, at its discretion, notwithstanding statements in the Agreement regarding an alleged "proprietary interest" in the customers the driver serves;

g. FedEx Defendants issue "Settlement Statements" and settlement checks to Drivers on a weekly basis, except when the Agreement is terminated, in which case FedEx determines that a final settlement check will be issued 45 days after termination. The Settlement Statement computes the total earnings the Contractor is entitled to receive and itemizes all deductions from the Driver's settlement. Deductions may include, but are not limited to, the expenses FedEx has determined Drivers must bear, but which FedEx has retained the right to pay, such as the cost of vehicle licenses, taxes, and fees, as well as any expenses FedEx has incurred in connection with their payment.

h. After one month of service, drivers become eligible to participate in the FedEx Defendants' Customer Service Program, by which a monetary bonus can be earned for every period in which the driver has no at-fault accidents, no customer complaints and no missed-pickups and during which the entire terminal's performance meets company assigned standards of service.

i. FedEx Defendants retain the right to control the volume of packages to be delivered and/or picked up, the locations of such deliveries and pickups, and the delivery and/or pickup times (referred to as "windows"), thus controlling the drivers' work hours.

j. All performance expectations and goals for drivers are set forth by Terminal managers and discipline is imposed for violations of company policies.

36. The Agreement is and at all times mentioned herein has been a contract of adhesion, drafted exclusively by the FedEx Defendants and/or their legal counsel. Plaintiffs and Plaintiff Class Members had no bargaining power, and were not allowed to negotiate the terms of the Agreement, which they are required to sign as a condition of employment. The Agreement is, and at all material times has been, unlawful and unconscionable in form and effect.

37. Although the nature of the work performed by Plaintiffs and Plaintiff Class Members makes detailed control by management unnecessary, the FedEx Defendants in fact retain the right to control and exercise extensive control over the work

of the drivers, as is necessary to fulfill the FedEx Defendants' commitments to their customers.

38. The FedEx Defendants' right of control over Plaintiffs and Plaintiff Class Members is retained and/or exercised by FEC, FEG and FHD as demonstrated by Company written rules and policies and unwritten practices which supplement and fill the gaps in the written contract.

39. The FEC, FEG and FHD Defendants maintain compensation and benefit plans, agreements and programs available to persons who are "employees" of the FedEx Defendants. The benefit plans include: Health Benefit Plan, Life Insurance Plan, Short-term and Long-term Disability Plans, Accidental Death & Dismemberment and Survivor Income Plan, Employee Stock Purchase Plan, Business Travel Accident Plan, and Retirement and 401 (K) Savings Plans. In addition, employees of the FedEx Defendants receive additional compensation programs, plans, rights, and benefits, including vacation, holidays, sick leave, other types of paid leave, and stock purchase rights.

40. Plaintiffs and Plaintiff Class Members have been excluded from the foregoing compensation plans and programs and benefit plans for all or a portion of their employment at FedEx due to their misclassification as non employees.

41. Plaintiffs and Plaintiff Class Members have incurred expenses for equipment, insurance and other expenses that the FedEx Defendants require them to purchase under the contract.

## FIRST CAUSE OF ACTION:
## ILLEGAL DEDUCTIONS FROM WAGES IN VIOLATION OF
## 820 ILL. COMP. STAT 155/9

42.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

43.     Plaintiffs are "employees" as defined in 820 Ill. Comp. Stat. 155/2, and are not free from the control and direction of the FedEx Defendants.

44.     FedEx Defendants have unlawfully withheld monies from the compensation earned by Plaintiffs and Plaintiff Class Members for business expenses of FEC, FEG and FHD, including but not limited to vehicle expenses, cargo claims and insurance claims in violation of 820 Ill. Comp. Stat. 155/9. Plaintiffs and Plaintiff Class Members have not expressly and freely given written consent to such deductions, and these deductions are not made in response to a valid wage assignment or deduction order.

45.     FedEx Defendants have withheld said funds unlawfully without providing Plaintiffs and Plaintiff Class Members with advance notice of the amounts, reasons or documentation to justify such deductions, and absent any lawfully sufficient reason for such conduct.

46.     As a direct and proximate result of FedEx Defendants' conduct, Plaintiffs and Plaintiff Class Members suffered substantial losses and been deprived of compensation to which they were entitled, including monetary damage in an amount of two times the amounts deducted, pre-judgment interest, costs and reasonable attorney fees.

## SECOND CAUSE OF ACTION:
## UNJUST ENRICHMENT

47.     Plaintiffs hereby reallege paragraphs 1-46 of this Complaint and incorporate them as if fully set forth herein.

48.     Defendants have failed to indemnify or reimburse the Plaintiffs and Plaintiff Class Members for the expenditures they incurred while acting on the direct instruction of the FedEx Defendants and discharging their duties for the FedEx Defendants, such as, *inter alia*, the purchase of delivery vehicles, the purchase of various policies of insurance, delivery vehicle maintenance and repairs, purchase and maintenance of logos and uniforms, purchase of fuel, and purchase of business support, while at the same time denying Plaintiffs and Plaintiff Class Members wages, holiday pay, overtime pay, workers' compensation and unemployment insurance, and contributions to the FedEx Defendants' retirement plans. Plaintiffs and Plaintiff Class Members necessarily incurred these substantial expenses as a direct result of performing their job duties.

49.     As a direct and proximate result of Defendants' conduct, Plaintiffs and Plaintiff Class Members have suffered substantial losses and been deprived of substantial benefits while the Defendants have been unjustly enriched.

## THIRD CAUSE OF ACTION:
## FOR AN ACCOUNTING AGAINST DEFENDANTS

50.     Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein, and further allege:

51.     Plaintiffs and Plaintiff Class Members are owed wages which equal the sum of overtime compensation not paid by Defendants to Plaintiffs and Plaintiff Class

Members, statutory interest on all such compensation and benefits, and each of them, and waiting time penalties owed to Plaintiffs and Plaintiff Class Members whose employment terminated.

52.    Plaintiffs do not know the precise amount of compensation due to each Plaintiff and Plaintiff Class Member. Upon information and belief, Defendants, and each of them, possess books and records from which the amount of compensation due and owing to each Plaintiff and Plaintiff Class Member herein can be determined.

53.    The amount of statutory interest and penalties owed to each Plaintiff and Plaintiff Class Member is based on the amount of compensation owed to Plaintiffs and Plaintiff Class Members by Defendants.

## FOURTH CAUSE OF ACTION:
## PROMISSORY ESTOPPEL

54.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

55.    FedEx Defendants made promises to Plaintiffs and Plaintiff Class Members relating to the characterization of their employment status as independent contractors.

56.    FedEx Defendants expected or should have reasonably expected the promises to induce Plaintiffs and Plaintiff Class Members to take substantial and definite action.

57.    The promise of FedEx Defendants did induce action by Plaintiffs and Plaintiff Class Members and they did rely, to their detriment, upon the representations of FedEx Defendants.

58.    The promise must be enforced to avoid injustice.

## FIFTH CAUSE OF ACTION:
## DECLARATORY RELIEF AGAINST ALL DEFENDANTS

59.     Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein, and further allege:

60.     An actual controversy has arisen between the Plaintiffs and Plaintiff Class Members, on the one hand, and Defendants, on the other hand, relating to the following matters:

        a.      Whether Defendants have unlawfully misclassified Plaintiffs and Plaintiff Class Members as independent contractors, and have thus denied Plaintiffs and Plaintiff Class Members of the common benefits of employee status, such as

           i.   wages;

           ii.   overtime pay;

           iii.   holiday pay;

           iv.   workers' compensation;

           v.   unemployment insurance;

           vi.   contributions to the FedEx Defendants' retirement plan;

           vii.   income tax withholding;

           viii.   meal, break and rest periods.

        b.      Whether Defendants have unlawfully failed to pay benefits and compensation owing in a timely manner to Plaintiffs and Plaintiff Class Members whose employment with Defendants ended, as required by Illinois law.

        c.      What amounts Plaintiffs and Plaintiff Class Members are entitled to receive in compensation and benefits.

        d.      What amounts Plaintiffs and Plaintiff Class Members are entitled to receive in interest on unpaid compensation due and owing.

        e.      What amounts Plaintiffs and Plaintiff Class Members are entitled to receive from Defendants in waiting time penalties.

61. Plaintiffs and Plaintiff Class Members further seek entry of a declaratory judgment in their favor which declares Defendants' practices as heretofore alleged to be unlawful and which provides for recovery of all sums determined by this Court to be owed by Defendants, and each of them, to the Plaintiffs and Plaintiff Class Members.

## SIXTH CAUSE OF ACTION
## REQUEST FOR INJUNCTIVE RELIEF AGAINST FEDEX
## DEFENDANTS

62. Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein, and further allege:

63. FedEx Defendants will continue to misclassify Plaintiffs and Plaintiff Class Members as independent contractors and unlawfully deny them the common benefits of employee status;

64. Plaintiffs and Plaintiff Class Members have been injured and damaged, and are threatened with injury and damage, by FedEx Defendants' continued misclassification and unlawful refusal to pay all compensation and benefits as heretofore alleged, and Plaintiffs and Plaintiff Class Members have no adequate remedy at law.

65. FedEx Defendants have acted, and threatened to act, on grounds generally applicable to the individual members of the Class, thereby making appropriate preliminary and permanent injunctive relief enjoining FedEx Defendants and their agents from practicing the unlawful practices heretofore alleged.

WHEREFORE, Plaintiffs requests that judgment be entered against the Defendants for the following:

1. Declaring that the Defendants' acts described in this Complaint constitute violations of the Illinois Wage Payment and Collection Act and Illinois common law;

19

2.    An award of benefits due them under the programs, agreements and plans described above with an appropriate award of interest;

3.    An award of damages for their erroneous exclusion from the programs, agreements and plans described above with an appropriate award of interest;

4.    Clarification and enforcement of their rights under these programs, agreements and plans;

5.    An award of damages for all out-of-pocket expenses incurred by Plaintiffs and Plaintiff Class Members necessary to perform their jobs for Defendants described above with an appropriate award of interest;

6.    Attorney fees and costs as provided by law;

7.   Such other further relief as the Court may deem just and equitable.

Dated this ___day of April, 2005.                   HALUNEN & ASSOCIATES


_____
Michael Johnson 06181982
Clayton D. Halunen 219721
220 South 6th St., Ste. 2000
Minneapolis, MN 55402
Telephone: (612) 605-4098

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Charles N. Nauen
William A. Gengler
100 Washington Avenue South, Ste. 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

ZIMMERMAN REED, P.L.L.P
J. Gordon Rudd
Anne T. Regan, ARDC 6280977
651 Nicollet Mall
Suite 501
Minneapolis, MN 55401
Telephone: (612) 341-0400